IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 05, 2014

## VERNON MOTLEY v. JERRY LESTER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6727     Joe H. Walker, III, Judge**

_____

**No. W2014-00355-CCA-R3-HC  - Filed January 30, 2015**

_____

Petitioner, Vernon Motley, appeals from the trial court's summary dismissal of Petitioner's petition for writ of habeas corpus relief.  Petitioner was convicted by a Shelby County jury for first degree premeditated murder and received a sentence of life imprisonment.  His conviction was affirmed on appeal.  *See State v. Vernon Motley*, No. W2010-01989-CCA-R3-CD, 2012 WL 1080479 (Tenn. Crim. App. Mar. 29, 2012).  Petitioner asserts he is entitled to habeas corpus relief because the trial court, in effect, imposed a sentence of life without possibility of parole without jurisdiction to do so.  Our review of the record shows that Petitioner was properly sentenced to the only sentence he could receive, and we therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Vernon Motley, Henning, Tennessee, *Pro Se*.

Herbert H. Slatery, III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; and D. Michael Dunavant, District Attorney General, for the appellee, the State of Tennessee.

## OPINION

At the time Petitioner committed the first degree premeditated murder in February 2008 for which he was convicted, there existed three possible sentences for a first degree murder conviction: death, imprisonment for life without possibility of parole, or imprisonment for life.  T.C.A. § 39-13-202(c)(1), (2), and (3).  It appears from the appellate record that in Petitioner's case the State did not file pre-trial notice to seek a sentence of

death or imprisonment for life without possibility of parole, and therefore the *only* possible punishment for Petitioner upon a conviction for first degree murder was imprisonment for life. *See* Tenn. R. Crim. P. 12.3(b) and T.C.A. § 39-13-208(a), (b), and (c).

Petitioner asserts, however, that he unlawfully received a sentence of imprisonment for life without possibility of parole. Petitioner argues that T.C.A. § 40-35-501(i)(1) and (2) mandate that for *any* first degree murder conviction a person must serve "one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained," but no such reductions can reduce the sentence by more than fifteen percent (15%).

In *Jerry D. Carney, II v. Dwight Barbee, Warden*, No. W2011-01977-CCA-R3-HC, 2012 WL 5355665 (Tenn. Crim. App. Oct. 31, 2012), a panel of this court addressed an identical legal theory in an appeal from the summary dismissal of a habeas corpus petition. In *Jerry D. Carney, II*, the appellant attacked his sentence of imprisonment for life after he was convicted by a jury of first degree premeditated murder. *Id*. at *1. Specifically, the petitioner in *Jerry D. Carney, II*, asserted his sentence was illegal "because the 'statutory sentencing scheme contained in T[ennessee] C[ode] A[nnotated section] 40-35-501(i)(1)&(2). . . does not provide for the possibility of parole upon a defendant being sentenced to imprisonment for life.'" *Id*. The petitioner asserted, like Petitioner in the case *sub judice*, that he had illegally been sentenced by the trial court and not by a jury for imprisonment without possibility of parole because T.C.A. § 40-35-501(i) eliminates release eligibility for any person convicted of first degree murder. *Id*.

The court in *Jerry D. Carney, II*, set forth the applicable law pertaining to habeas corpus petitions as follows:

> The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations

omitted)).  On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor*, 995 S.W.2d at 83.

A sentence imposed in direct contravention of a statute is illegal and, thus, void.  *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000).  A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence.  *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).  Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

*Jerry D. Carney, II*, 2012 WL 5355665 at *2.

The panel of this Court in *Jerry D. Carney, II*, rejected that petitioner's assertion that he had in fact received, in effect, a sentence of life imprisonment without possibility of parole when his judgment stated that he had been sentenced only to imprisonment for life. *Id*. at *4.  The court quoted with approval from an opinion of the Tennessee Attorney General clarifying the effect of T.C.A. § 40-35-501(i) as follows:

The only reasonable resulting interpretation would be that subsection (i) operates, in so far as it conflicts with the provisions of the existing statute governing release eligibility, to raise the floor from 60% of sixty years . . . to 100% of sixty years, reduced by not more than 15% of eligible credits.

Tenn. Op. Att'y Gen., No. 97-098 (1997) (emphasis added).

*Jerry D. Carney, II*, 2012 WL 5355665 at *4.

The Attorney General also concluded that a defendant serving a sentence of imprisonment for life would be eligible for release after serving sixty years, "the [statutory] equivalent to a life sentence," *Id*., less up to fifteen percent credit for a mandatory minimum of fifty-one years. *Id*.  Therefore, even under the statute cited by Petitioner, T.C.A. § 40-35-501(i), he will theoretically be eligible for release at some time in the future.  Petitioner did not receive an unauthorized or illegal sentence of imprisonment for life without possibility

of parole. On the face of the record, he was not entitled to habeas corpus relief. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE